NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.G., by and through his Parents, Howard and Denise Greenberg; et al., | No.   17-17190 |
| Plaintiffs-Appellants, | D.C. No.<br>1:17-cv-00503-DKW-KSC |
| v. | |
| STATE OF HAWAII, Department of Education; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted June 15, 2018**
Honolulu, Hawaii

Before:  TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

J.G. receives services under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §§ 1400–82.  In March 2017, the Hawaii Department of

Education revised J.G.'s Individualized Education Program ("IEP") to provide for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

placement in a public facility. J.G.'s parents, Denise and Howard Greenberg ("the Greenbergs"), requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1)(A). An Administrative Hearing Officer ("AHO") placed the burden of proof on the Greenbergs to show any insufficiency in the revised IEP, and denied their request for a site visit to the private facility J.G. was then attending. The Greenbergs then filed this action, seeking interlocutory review of the AHO's rulings; they also sought to enjoin the state administrative proceedings until judicial review was completed. The district court denied the latter motion, and the Greenbergs appealed.

1. Although the Greenbergs denominated their motion as seeking a temporary restraining order and injunction, we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). "[A] denial of a TRO may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction,'" *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (quoting *Envt'l Def. Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980)), or if the denial "effectively decided the merits of the case," *Graham v. Teledyne-Cont'l Motors*, 805 F.2d 1386, 1388 (9th Cir. 1987). In denying the Greenbergs' motion, the district court held that they could not seek interlocutory review of the AHO's rulings. The court therefore made plain the "futility of any further hearing" on the issue. *See Religious Tech. Ctr.*, 869 F.2d at 1308–09 (holding denial of TRO

2

reviewable because "the district judge was emphatic in her view that [precedent] foreclosed any interlocutory relief").

2. The district court did not err in concluding that the Greenbergs could not seek interlocutory review of the AHO's rulings. The IDEA provides that "any party aggrieved by the findings and decision" in a due process hearing "shall have the right to bring a civil action . . . in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). This provision, however, "does not allow immediate judicial review of pre-hearing rulings and decisions made by an ALJ in an IDEA case." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1090 (9th Cir. 2012). "Rather, a party may bring suit if he is aggrieved by the findings and decision made by the ALJ following the conclusion of the due process hearing." *Id.*

3. The district court should also have dismissed the Greenbergs' original complaint without prejudice. However, the state administrative proceedings have now concluded, and the Greenbergs have amended their complaint, seeking review of the AHO's final decision. And, there are no longer any state proceedings to enjoin. We therefore remand for further proceedings on the amended complaint.

**REMANDED, each party to bear its own costs**.

3